McGREGOR W. SCOTT
United States Attorney
CHRISTINA McCALL
KURT A. DIDIER
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>LESLIE LOHSE,<br><br>                    Defendant. | CASE NO. 2:17-CR-0006-MCE-3<br><br>**STIPULATION RE: PREJUDGMENT PAYMENT OF CRIMINAL MONETARY PENALTIES AND THE DEPOSIT OF MONIES INTO THE COURT'S DEPOSIT FUND; AND ORDER THEREON** |

    The Court has accepted defendant Leslie Lohse's (Lohse) guilty plea and is scheduled to sentence her on March 18, 2021. Pursuant to her guilty plea, Lohse agreed to pay a special assessment, and restitution to the two victims in her case, the Paskenta Band of Nomlaki Indians (the Tribe) and the Internal Revenue Service (the IRS). This stipulation regarding prejudgment payment of criminal monetary penalties and the deposit of monies into the Court's deposit fund (Stipulation) memorializes Lohse's agreement to pay a combined $902,208.03 in criminal monetary penalties prior to sentencing (the Payment Amount).

    By this Stipulation, plaintiff United States and Lohse (the Parties), seek an order authorizing Lohse to fully satisfy the Payment Amount prejudgment by: paying the Tribe directly $684,923.03 in restitution and receiving a credit for that amount against the total restitution ordered in the case; and depositing $217,285.00 into the Court's deposit fund, representing the $200.00 special assessment and

$217,085.00 in restitution owed to the IRS.

The Tribe is also a signatory to the Stipulation, to acknowledge receipt of Lohse's direct payment of $684,923.03 as full satisfaction of the restitution to which it is entitled in the criminal case.

Accordingly, the Parties stipulate, and the Tribe acknowledges, as follows:

1. Consistent with her plea agreement (ECF No. 92, ¶ II A), Lohse pleaded guilty to Count One of the Indictment, Conspiracy to Embezzle or Steal from a Tribal Organization, in violation of 18 U.S.C. § 371, and Count Sixty, Making and Subscribing to a False Tax Return, in violation of 26 U.S.C. § 371.  ECF No. 85, Minutes (Text Only) of Lohse's change of plea hearing.

2. In the plea agreement, Lohse agreed to pay restitution to the Tribe "in an amount of at least approximately $684,923.03" and to the IRS, an amount of approximately $217,085.00.  ECF No. 92, ¶ II B.  The plea agreement contains a provision that the Parties agree not to seek joint and several liability regarding restitution in this case.  *Id*.  Lohse's co-defendants' plea agreements also contain a provision that the parties will not seek joint and several liability regarding restitution.  Lohse also agreed to pay a $200.00 special assessment at the time of sentencing.  *Id*, ¶ II D.  The plea agreement allows the Parties to argue for or against the imposition of a fine.  *Id*, ¶ II C.  The United States will not seek a fine, provided Lohse fully complies with this Stipulation.

3. In 2015, The Tribe filed a federal civil complaint against Lohse and others alleging numerous causes of action, including for defrauding the Tribe of money and resources (the Civil Case).  *Paskenta Band of Nomlaki Indians, et. al., v. Leslie Lohse, et. al.*, Case No. 15-cv-00538-MCE-CMK.

4. Lohse and the Tribe have settled the Civil Case.  One of the settlement terms requires Lohse to pay the Tribe money damages in an amount exceeding the recommended restitution amount of $684,923.03.  Following their negotiations, the Parties agree Lohse should pay the civil damages amount directly to the Tribe as part of the Civil Case settlement though they request the Court order Lohse to pay the Tribe $684,923.03 in restitution as part of the criminal judgment entered in this case.

5. The Tribe acknowledges Lohse has paid it the $684,923.03 resitution amount.  The Tribe further acknowledges that this amount fully satisfies its claim to restitution from Lohse in this criminal case and that it is forever withdrawing the restitution claim it submitted with respect to Lohse in the case. The Tribe's restitution claims concerning Lohse's co-defendants are not affected in any manner by

1 this Stipulation or the settlement reached between Lohse and the Tribe.

2   6. The Parties request that the Court order Lohse to pay, as part of the judgment entered in
3 the case: a $200.00 special assessment; $684,923.03 in restitution to the Tribe; and $217,085.00 in
4 restitution to the IRS.  They further request that the Court direct the Clerk of Court to credit Lohse's
5 direct payment to the Tribe as part of the Civil Case settlement in the amount of $684,923.03 against the
6 total criminal monetary penalties ordered in the instant case.  This credit will thus reduce Lohse's
7 criminal judgment payment obligation by $684,923.03.

8   7. Lohse agrees to pay to the Clerk of Court the sum of $217,285.00 into the Court's deposit
9 fund, representing the $200.00 special assessment and $217,085.00 in restitution owed to the IRS within
10 20 days after the Order approving the Stipulation is filed.  Lohse shall make her payment in accordance
11 with the payment instructions stated in the Order approving this Stipulation.

12   8. The Parties agree to waive a hearing regarding Lohse's restitution obligations.

13   9. The Parties request that the Court direct the Clerk of Court to accept Lohse's $217,285.00
14 prejudgment payment, deposit it into the Court's deposit fund, and apply the payment to the Court
15 ordered criminal monetary penalties following sentencing.  Upon entry of judgment, Lohse's payment
16 shall be applied towards the criminal monetary penalties in the order stated in the Schedule of Payments
17 section of the Judgment in a Criminal Case.  Lohse will not oppose the application of the payment
18 towards the criminal monetary penalties entered against her.

19   10. Each person who signs this Stipulation in a representative capacity warrants that he or she
20 is fully authorized to do so.

21   11. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the
22 case, if necessary.

Respectfully submitted,

FOR THE UNITED STATES:                       McGREGOR W. SCOTT
                                             United States Attorney

Dated: January 22, 2021

                                     By:     */s/ Kurt A. Didier*
                                             CHRISTINA McCALL
                                             KURT A. DIDIER
                                             Assistant United States Attorneys

STIPULATION AND ORDER                        3

FOR DEFENDANT LESLIE LOHSE:

Dated: January 22, 2021                    By:     */s/ Leslie Lohse (original signature on file with her counsel)*
LESLIE LOHSE, an individual

APPROVED AS TO FORM AND CONTENT:

Dated: January 22, 2021                    By:     */s/ Jerome Price*
JEROME PRICE
Assistant Federal Public Defender for Defendant Leslie Lohse

FOR VICTIM PASKENTA BAND OF NOMLAKI INDIANS (THE TRIBE):

Dated: January 22, 2021                    By:     */s/ Andrew Alejandre*
Tribal Chairman Andrew Alejandre

APPROVED AS TO FORM AND CONTENT:

Dated: January 22, 2021                    By:     */s/ Stuart G. Gross*
STUART G. GROSS, ESQ.
Attorney for the Tribe

**O R D E R**

The Court, having reviewed the court files and the signatories' stipulation re prejudgment payment of criminal monetary penalties and the deposit of monies into the Court's deposit fund (the Stipulation), and good cause appearing therefrom, hereby APPROVES the Stipulation. Accordingly, IT IS ORDERED that:

1. Defendant Leslie Lohse (Lohse) shall make a payment of $217,285.00 to the Clerk of Court within 20 days from the date this Order is filed (Prejudgment Payment).

2. Lohse shall make her Prejudgment Payment payable to the "Clerk of the Court" at the Office of the Clerk, United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Sacramento, California 95814. Lohse shall also state the docket number (Case No.: 2:17-cr-006-MCE-3) on the payment instrument and, if she desires a payment receipt, shall include a self-addressed, stamped envelope with the payment.

3. The Clerk of Court shall deposit the Prejudgment Payment into the Court's deposit fund, where it shall remain pending sentencing and entry of judgment in this case.

4. Lohse's Prejudgment Payment and her direct payment of $684,923.03 in restitution to the Paskenta Band of Nomlaki Indians (the Tribe) shall be added to the criminal monetary penalties ordered in the case (the Judgment Amount).

5. Upon entry of judgment, the Clerk of Court shall:

   A. Apply Lohse's Prejudgment Payment against the Judgment Amount in the order stated in the Schedule of Payments section of the judgment; and

   B. Credit Lohse's $684,923.03 direct restitution payment to the Tribe against the Judgment Amount.

6. This Order obviates the need for a resitution hearing at sentencing, or as a separate hearing for Lohse.

///
///
///
///

STIPULATION AND ORDER

7. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

IT IS SO ORDERED.

Dated: February 1, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE